**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Crofton, ) | No. CV 09-1999-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| CIT Group, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

We have before us defendant CIT Group, Inc.'s ("CIT") motion for summary judgment (doc. 27), plaintiff's response (doc. 29), and defendant's reply (doc. 32).

**I**

Defendant is a financial services company, for whom plaintiff worked for thirty-three years, most recently as Senior Vice President - Chief Sales Office for the Business Aircraft Group in Tempe. In the spring of 2008, plaintiff worked on an aircraft sale that was to earn defendant $2.5 million. Around the same time, defendant decided to close its Tempe office. Plaintiff contends that when he learned defendant was going to be laying off employees, he volunteered to retire, with defendant's assurance that he would receive a bonus for the aircraft sale, pursuant to the company's compensation plan. Defendant claims that plaintiff's position was eliminated when it closed its Tempe office, and that plaintiff's termination was not voluntary.

In any case, plaintiff's employment ended on May 30, 2008. Plaintiff signed a

1 Separation Agreement and General Release ("Separation Agreement"), and received
2 severance compensation of $212,035.44 and a payment of $20,488.87 for medical coverage.
3 Plaintiff did not receive a bonus related to the sale of the aircraft.

4 Plaintiff asserts six claims: (1) breach of contract; (2) breach of the covenant of good
5 faith and fair dealing; (3) violation of Arizona's wage law, A.R.S. § 23-350, et. seq.; (4)
6 fraud and fraudulent misrepresentation; (5) negligent misrepresentation; and (6) promissory
7 estoppel. Defendant argues that plaintiff's claims fail as a matter of law because: (1) the
8 claims are barred by the release and waiver provisions of the Separation Agreement; (2) any
9 oral agreement was superseded by the Separation Agreement; (3) the alleged oral agreement
10 is inadmissible parol evidence; and (4) plaintiff cannot offer evidence sufficient to create an
11 issue of material fact as to any asserted claim.

12 We grant summary judgment where, after viewing the evidence in the light most
13 favorable to the non-moving party, there remain no genuine issues of material fact and that
14 the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex
15 Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**I**

17 Defendant contends that plaintiff's claims are barred by the release and waiver
18 provisions of the Separation Agreement. Section 3 of the Separation Agreement states in
19 relevant part: "Except for the payments described in Section 2 hereinabove, Employee hereby
20 waives any and all claims to wages, salary, compensation, payments, or benefits of any kind
21 (whether pursuant to a written agreement or otherwise), except . . . (c) payment of earned but
22 unpaid payments pursuant to applicable sales plans or commission plans." Defendant argues
23 that plaintiff's claims are based upon an alleged verbal agreement, and barred by the
24 Separation Agreement, while plaintiff contends that the aircraft bonus payment was earned
25 and unpaid, pursuant to the 2004 Sales Incentive Compensation Plan ("2004 SICP"), and
26 therefore falls under the exception to the Separation Agreement claims waiver.

27 Defendant argues that plaintiff does not assert a claim for breach of the 2004 SICP,
28 and that his contract-based claims rely solely on a verbal agreement, which he expressly

- 2 -

1  waived. We therefore first determine whether plaintiff has asserted claims under the 2004
2  SICP or a verbal agreement or both. Plaintiff alleges in the complaint that "[b]ased on the
3  generated fee income from the G450 aircraft sale, Mr. Crofton calculated his earned bonus
4  would be approximately $125,000.00 (5% of $2.5M) under the terms of his 2004 Sales
5  Incentive Compensation Plan (SICP)." Complaint ¶ 12. Plaintiff also alleges that he had
6  never been provided and had not accepted defendant's new 2008 SICP, and that he been
7  working under the 2004 SICP until his departure. Complaint ¶¶ 18–21. In his claim for
8  breach of contract, plaintiff alleges that he and defendant entered into "a verbal agreement"
9  that defendant would pay him a bonus for the sale of the aircraft, "under the terms of his
10 2004 Sales Incentive Compensation Plan," and that defendant breached the agreement by not
11 paying him a bonus under the terms of the 2004 SICP. Complaint ¶¶ 25–26. In his claim for
12 breach of the covenant of good faith and fair dealing, plaintiff alleges defendant refused to
13 pay money defendant assured plaintiff he would receive, money "earned from his sale of the
14 G450 aircraft." Complaint ¶ 34. Additionally, plaintiff alleges that the bonus payment was
15 due pursuant to the terms of the 2004 SICP in his claim for a violation of the Arizona Wage
16 Act. Complaint ¶¶ 38–39.

17     We acknowledge the weakness and ambiguity of plaintiff's complaint. By repeatedly
18 alleging that defendant breached an oral agreement by failing to pay a bonus pursuant to the
19 terms of the 2004 written agreement, plaintiff obscures the nature of his claims. His claims
20 apparently all arise out of one "agreement," which is the alleged oral promise, but seem to
21 incorporate the 2004 SICP by reference. However, despite the complaint's vagueness and
22 equivocacy, defendant did not move to dismiss the complaint or move for a more definite
23 statement of the pleading. See Fed. R. Civ. P. 12. By failing to do so, defendant deprived
24 the court and parties of an opportunity to consider problems in the complaint, specifically the
25 question of which contract plaintiff alleges defendant violated.

26     Having considered the ambiguity of the pleadings, the procedural history, and the
27 panoply of facts before us, we conclude that the only fair construction of plaintiff's complaint
28 is that it alleges breach of a single agreement, the 2004 SICP, as confirmed and ratified by

1 an alleged oral agreement related to the aircraft sale bonus and as expressly preserved in the
2 Separation Agreement. We consider the alleged verbal agreement and the 2004 SICP to be
3 part of the same compensation agreement. The alleged oral agreement evidences the parties'
4 common understanding that the aircraft bonus was within the scope of the express exception
5 to the waiver. Plaintiff has asserted claims under this singular agreement.

6 Defendant also argues that even if plaintiff's claims do arise under the 2004 SICP,
7 plaintiff has not adequately pled a breach of the agreement by failing to point to the particular
8 provision that would entitle him to the bonus payment. Reply at 5; see Response, ex. 20,
9 "2004 SICP" (doc. 30-1). Plaintiff alleges that "his earned bonus would be approximately
10 $125,000.00 (5% of $2.5M) under the terms of his 2004 Sales Incentive Compensation Plan
11 (SICP)." Complaint ¶ 12. To state a claim for breach of contract, plaintiff must allege: (1)
12 the existence of the contract; (2) its breach; and (3) resulting damages. Graham v. Asbury,
13 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). While plaintiff has not identified the specific
14 terms on which he bases his bonus calculation, he has sufficiently stated a claim for a breach
15 of the contract. The existence of 2004 SICP is clearly alleged (and not at issue), the breach
16 is defendant's failure to pay any bonus for the aircraft sale, as plaintiff believes is due under
17 the contract, and plaintiff alleges damages of $125,000. This is sufficient.

18 Having concluded that plaintiff adequately alleges a breach of the 2004 SICP, we
19 consider whether plaintiff's claims are barred by the release and waiver provisions of the
20 Separation Agreement. As explained, the waiver provision waives all claims for
21 compensation, except "payment of earned but unpaid payments pursuant to applicable sales
22 plans or commission plans." Separation Agreement ¶ 3. Additionally, the Separation
23 Agreement includes a release of defendant from any claims or causes of action arising out
24 of plaintiff's employment with defendant and his termination. Separation Agreement ¶ 8(a).

25 Plaintiff's bonus claims arise under the waiver exception for earned but unpaid
26 payments, and therefore plaintiff did not waive them by entering into the Separation
27 Agreement. Any compensation plaintiff earned prior to his termination is explicitly outside
28 the scope of the waiver. Plaintiff's claims for a bonus for the aircraft sale are made pursuant

- 4 -

1  to the 2004 SICP, an "applicable" sales and commission plan.  And while the Separation
2  Agreement release provision applies to "all claims" arising out of plaintiff's employment, to
3  read it as barring all compensation-based claims would render the exceptions in the waiver
4  provision meaningless.  See Gesina v. General Electric Co., 162 Ariz. 39, 45, 780 P.2d 1380,
5  1386 (1989) ("A contract must be construed so that every part is given effect.").
6  Accordingly, we interpret the release provision as not applying to any claims arising under
7  the exceptions in the waiver provisions.  Because plaintiff's claims fall under the earned
8  payment exception to the waiver provision, they are not barred by the Separation Agreement.
9  Indeed, they are preserved in the Separation Agreement.

**II**

11  Defendant argues that the Separation Agreement is an integrated contract that
12  superceded any alleged earlier verbal agreement, and therefore any contract-based claims fail
13  as a matter of law.  The Separation Agreement states that it is the entire agreement between
14  plaintiff and defendant, "and fully supersedes any and all prior agreements or understandings
15  pertaining to the subject matter hereof or Employee's employment relationship with the
16  Company."  Separation Agreement ¶ 13.

17  We agree that the Separation Agreement supercedes any other contracts related to the
18  subject matter of the agreement.  See Arizona-Parral Min. Co. v. Forbes, 16 Ariz. 395, 405,
19  146 P. 504, 508 (1915) ("If agreements be made between the same parties concerning the
20  same matter, and the terms of the latter are inconsistent with those of the former so that they
21  cannot subsist together, the latter will be construed to discharge the former.").  But the
22  Separation Agreement cannot supercede agreements on subject matter that it explicitly
23  excludes, e.g. "payment of earned but unpaid payments pursuant to applicable sales plans or
24  commission plans."  Separation Agreement ¶ 3.  Because the Separation Agreement
25  expressly allows for earned payments to be made pursuant to the terms of preexisting sales
26  and commissions contracts, it does not supercede the 2004 SICP, or any related verbal
27  agreement that also addresses earned but unpaid payments.  Therefore, it does not bar
28  plaintiff's claims for a sales bonus.

**III**

Defendant claims that evidence of an oral agreement to pay plaintiff a bonus is inadmissible parol evidence because it contradicts the plain language of the Separation Agreement. The parol evidence rule bars evidence of prior or contemporaneous oral understandings or prior written understandings that contradict the plain language of a final written agreement, but admits parol evidence if the written agreement is reasonably susceptible to more than one interpretation. See Taylor v. State Farm Mut. Auto. Ins. Co., 175 Ariz. 148, 154, 854 P.2d 1134, 1140 (1993) ("The better rule is that the judge first considers the offered evidence and, if he or she finds that the contract language is 'reasonably susceptible' to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties."). Evidence in support of plaintiff's understanding is admissible if the Separation Agreement is reasonably susceptible to plaintiff's interpretation, i.e. that the agreement entitles him to a bonus pursuant to its waiver exception.

The Separation Agreement is reasonably susceptible to plaintiff's interpretation because it allows for the payment of additional compensation that would be due under the 2004 SICP. The agreement explicitly excepts from the waiver, payment for earned but unpaid compensation. Plaintiff's interpretation that he is entitled to a bonus for the aircraft sale is not unreasonable. Therefore verbal communications about plaintiff's entitlement to the bonus under the 2004 SICP do not contradict the Separation Agreement. Because the proffered evidence supports plaintiff's reasonable interpretation that he is entitled to the bonus payment under the Section 3(c) of the agreement, evidence of the parties' intent to pay a bonus for the aircraft sale is admissible.

**IV**

Defendant argues that even in the absence of the Separation Agreement, plaintiff's claims fail as a matter of law due to his inability to establish several elements.

**A**

Defendant argues that plaintiff cannot prove misrepresentation required for claims of

1 fraud and negligent misrepresentation. To show fraud, plaintiff must prove the "speaker's
2 intent that [the false representation] be acted upon by the recipient in the manner reasonably
3 contemplated" Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 500, 647 P.2d 629, 631
4 (1982). A claim for negligent misrepresentation requires that defendant supply "false
5 information for the guidance of others." Restatement (Second) of Torts § 552(1) (1977). For
6 a representation to constitute actionable fraud, "it must relate to either a past or existing fact.
7 It cannot be predicated on unfulfilled promises, expressions of intention or statements
8 concerning future events unless such were made with the present intention not to perform."
9 Staheli v. Kauffman, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979). There is no "present
10 intent to deceive" exception for negligent misrepresentation. McAlister v. Citibank, 171
11 Ariz. 207, 215, 829 P.2d 1253, 1261 (App. 1992) ("A promise of future conduct is not a
12 statement of fact capable of supporting a claim of negligent misrepresentation.").

13 Because there is no evidence of a misrepresentation of a present fact, rather than a
14 promise of payment in the future, plaintiff's claim for negligent misrepresentation fails as a
15 matter of law. We reject plaintiff's contention that his claim for a bonus arises out of a
16 "present entitlement" to compensation at the time the promise was made. Any alleged
17 unkept promise cannot support a negligent misrepresentation claim. Accordingly we grant
18 summary judgment for defendant on plaintiff's negligent misrepresentation claim.

19 Because plaintiff's claim for intentional fraud is based on a promise of future
20 payment, it survives only if there is a genuine issue of material fact as to whether defendant
21 intended not to pay when it allegedly promised plaintiff the bonus. That defendant ultimately
22 breached the alleged promise is not sufficient to show intent to deceive. See Trollope v.
23 Koerner, 106 Ariz. 10, 19, 470 P.2d 91, 100 (1970) ("a breach of contract is not fraud");
24 Pinnacle Peak Developers v. TRW Inv. Corp., 129 Ariz. 385, 389, 631 P.2d 540, 544 (App.
25 1980) ("mere nonperformance of a contract does not warrant an inference of the requisite
26 fraudulent intent."). As evidence that defendant lacked intent to perform, plaintiff points to:
27 (1) defendant's employee David Davis's involvement in writing a new compensation plan
28 in 2008 that would preclude plaintiff from receiving a bonus; (2) a "fabricated" delay in

- 7 -

1 paying plaintiff when other employees were paid at the time of their departure; (3) 2 defendant's position that the 2008 SICP covered plaintiff even though his employment ended 3 prior to the new policy's enactment; and (4) defendant's claim in this litigation that the 4 release barred plaintiff from receiving the bonus. Response at 13.

5 We conclude that this is sufficient evidence to create a factual dispute as to 6 defendant's intent at the time it allegedly promised plaintiff he would receive a bonus 7 payment. While plaintiff does not rely on evidence that is contemporaneous to the alleged 8 promises, evidence of subsequent changes in defendant's position about plaintiff's 9 entitlement to the bonus raises inferences about defendant's intent not to perform at the 10 relevant time. Defendant's delay in paying a bonus, its attempted retroactive application of 11 a new bonus policy, and its changing explanation as to why plaintiff did not receive a bonus 12 go beyond eventual breach of the alleged contract. See Pinnacle Peak, 129 Ariz. at 389, 631 13 P.2d at 544 (more than nonperformance of a contract required to show intent not to perform).

**B**

15 Defendant argues that plaintiff's claims for fraud and promissory estoppel fail because 16 he cannot show reasonable reliance or damages. To prove fraud, plaintiff must establish that 17 he relied on the truth of defendant's representation, his reliance was reasonable, and that he 18 was injured as a result. Staheli, 122 Ariz. at 383, 595 P.2d at 175. To establish a claim for 19 promissory estoppel, plaintiff must show that defendant made a promise, defendant should 20 have reasonably foreseen that plaintiff would rely on that promise, plaintiff actually relied, 21 his reliance was reasonable, and he suffered damages as a result. See Trollope, 106 Ariz. at 22 18, 470 P.2d at 99; Higginbottom v. State, 203 Ariz. 139, 144, 51 P.3d 972, 977 (App. 2002). 23 Reliance is not "justified when knowledge to the contrary exists." Higginbottom, 203 Ariz. 24 at 144, 51 P.3d at 97.

25 Defendant first argues that plaintiff cannot show he relied on any representations to 26 his detriment. Detrimental reliance requires a "substantial and material change of position." 27 Weiner v. Romley, 94 Ariz. 40, 45, 381 P.2d 581, 584 (1963). Defendant argues that 28 because plaintiff's position was eliminated, plaintiff had no control over the end of his

- 8 -

employment, and therefore he did nothing to substantially and materially change his position in reliance on an alleged promise of a bonus payment.

The voluntariness of plaintiff's departure from defendant is a genuine issue of material fact, and therefore summary judgment on the issue of detrimental reliance is inappropriate. Plaintiff claims that he was given the options to continue working from an executive suite in Tempe, AZ, relocate to defendant's Dallas, Texas office, or to work from home, but that he volunteered for early retirement to allow a more recently-hired salesman to stay on. Plaintiff's Separate Statement of Facts ("PSOF") ¶¶ 14–15 (doc. 30). Plaintiff further claims he and defendant's employees discussed his receiving a bonus for the aircraft sale as a condition for his acceptance of the separation package. Id. ¶ 17. Plaintiff explains that in discussing his employment options, Davis assured plaintiff he would receive a bonus for the aircraft sale. PSOF, ex. 1, "Crofton Affidavit," ¶ 20. Plaintiff also cites an email from defendant's employee Davis to defendant's Vice President of Corporate services stating, "Dick Crofton has opted to take the early retirement package and will not be locating to the executive suites. . . " PSOF, ex. 2. Plaintiff also relies on Davis's statement at his deposition that he and plaintiff had discussed several options for his future. PSOF, ex. 24, "Davis Deposition" at 114. This is sufficient evidence for a jury to find that plaintiff voluntarily took early retirement from defendant, and that in choosing to do so, he relied on defendant's assurance that he would receive a bonus payment for the aircraft sale.

Defendant also argues that even if plaintiff had retired voluntarily in reliance on the bonus promise, his reliance would have been unreasonable because the Separation Agreement barred any additional compensation. See Mutual Ben. Health & Acc. Ass'n v. Ferrell, 42 Ariz. 477, 487, 27 P.2d 519, 523 (1933), overruled on other grounds by Occidental Life Ins. Co. v. Bocock, 77 Ariz. 51, 266 P.2d 1082 (1954). However, as previously noted, the Separation Agreement explicitly excludes earned compensation from its claims waiver provision. Defendant's alleged assurances that plaintiff would receive a bonus do not contradict the language of the Separation Agreement, and therefore plaintiff's reliance on them is not unreasonable as a matter of law. We deny summary judgment on

1  plaintiff's claims of fraud and promissory estoppel.

## C

Defendant argues that plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for a violation of the Arizona wage statute fail because the alleged oral contract to pay plaintiff a sales bonus lacked consideration. However, plaintiff's claims arise under the 2004 SICP and alleged oral promises related to it. Defendant does not allege that a bonus payment made pursuant to the compensation plan would lack consideration. Therefore, defendant is not entitled to summary judgment on plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for a violation of the Arizona wage statute.

## V

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant's motion for summary judgment (doc. 27). **IT IS ORDERED GRANTING** summary judgment in favor of defendant on plaintiff's negligent misrepresentation claim. **IT IS ORDERED DENYING** summary judgment on all other claims.

DATED this 29th day of March, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge